IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00006-MR
[CRIMINAL CASE NO. 1:18-cr-00073-MR-WCM-2]

| | |
|---|---|
| RUSSELL MONROE DUNN, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on consideration on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [Doc. 1].

**I.      BACKGROUND**

On August 6, 2018, Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.   [Criminal Case No. 1:18-cr-00073, Doc. 9: Indictment; Doc. 14: Plea Agreement; Doc. 17: Acceptance and Entry of Guilty Plea].  In the plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance

of counsel or prosecutorial misconduct. [Id., Doc. 9 at ¶ 20]. Petitioner was later sentenced to a term of 188 months' imprisonment. [Id., Doc. 43 at: Judgment]. Petitioner did not file a direct appeal.

On January 3, 2020, Petitioner filed the present motion to vacate contending, among many other things, that his counsel was ineffective because she failed to file a notice of appeal after his judgment was entered despite his express instruction that she do so. [Doc. 1]. In his claim for relief, Petitioner asks the Court to conduct an evidentiary hearing, to appoint counsel, and to vacate his conviction and sentence. [Id. at 19].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice

of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Here, Petitioner asserts in his sworn petition that his attorney failed to file a direct appeal after being instructed to do so. Specifically, Petitioner avers that he told his attorney he "was not satisfied with the court's sentence and wanted to appeal the case," but that his attorney told him that he could not appeal his sentence. [Doc. 1 at 11]. He further avers that he "clearly expressed [ ] an instruction to file a notice of appeal which counsel refused to do." [Id.]. In its response to Petitioner's § 2255 motion, the Government concedes that Petitioner's claim of ineffective assistance of counsel based on the failure to file a direct appeal after being instructed to do so, "if credited," warrants the granting of his motion, at least in part. [Doc. 4 at 1]. The Government further contends that the appropriate remedy in this case is to vacate Petitioner's judgment, enter an amended judgment so that he may file a direct appeal, and dismiss the remaining claims without prejudice. [Id. at 2].

Upon review of Petitioner's motion, the Court concludes that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Petitioner's remaining claims shall be dismissed without prejudice to his right to file another § 2255 motion, if necessary, after direct appeal.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** for the reasons stated herein. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on December 20, 2018 and submit it to the Court for consideration. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal to appeal to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: November 10, 2020

Martin Reidinger
Chief United States District Judge